LUNSFORD DOLE PHILLIPS #4407
500 Ala Moana Blvd.; Ste. 7400
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDAL CHUNFAT<br>Plaintiff,<br><br>vs.<br><br><br><br>SEVEN ELEVEN HAWAII, INC.<br>Defendant | CIVIL NO.<br><br><br>COMPLAINT |

COMPLAINT

Plaintiff RANDAL CHUNFAT [hereinafter "Plaintiff"] through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely Plaintiff's alleged violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 <u>et seq</u>., and this Court has pendant jurisdiction over the alleged violation of Hawaii Revised Statutes Chapter § 489, prohibiting discrimination in public accommodations.

2. Venue lies in this Court because all events material hereto occurred within the District of Hawaii.

3. Plaintiff was and is a person with a disability being substantially limited in his mobility for a number of reasons, physical conditions that qualify him as disabled under federal and state law.

4. Defendant SEVEN HAWAII, INC. ["Defendant"] does business in Hawaii as a foreign for-profit corporation, registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in the retail sales and general business. Defendant is a public accommodation, operating a place of public accommodation at 74 W. Kawili Street in Hilo, County of Hawaii.

5. Plaintiff pursued and exhausted all administrative relief through the State of Hawaii Civil Rights Commission.

6. This Complaint is timely filed.

## FACTS

7. On November 22, 2020, the Plaintiff was shopping at the Defendant's Kawili St. store with his service dog.

8. Plaintiff was assisted by his service animal, an American Pit Bull.

9. Plaintiff has owned his service dog for eight years.

10. Plaintiff's service dog performs numerous tasks to facilitate his daily life among other tasks: rising from the seated position, ambulating on his two artificial hips, and taking medication on time.

11. As usual the Plaintiff was accompanied by his service dog.

12. A store employee of Defendant believed to be named "Star" stopped the Plaintiff and told him that his dog was not allowed in the store.

13. Plaintiff explained that his dog was a service animal. But "Star"

insisted it was not a service animal because it was a pit bull, and according to her pit bulls are not allowed to be service animals.

14. Plaintiff informed "Star" that she was incorrect and reiterated that his dog was a qualified service animal.

15. "Star" repeated her order for the plaintiff to take his dog out of the store.

16. Plaintiff had noticed the woman who had bred his service dog was also shopping in the store, and they had exchanged small talk. So Plaintiff enlisted his dog's breeder help in educating "Star" on service dog qualifications without success.

17. Then Plaintiff asked to speak to the store manager, and after a long wait a man who identified himself as the store manager joined Plaintiff and the dog breeder. He said his name was "Wally."

18. The Plaintiff related what had happened with "Star" and asked her to repeat to "Wally" that Plaintiff's dog could not be a service animal because it is a pit bull and therefore she had ordered him and his service dog to immediately leave the store. "Star" did so.

19. Plaintiff asked "Wally" what he thought about his subordinate's categorical insistence that a pit bull could not be a service dog.

20. "Wally" did not respond, refusing to correct his subordinate's expressly stated mistaken understanding of service dog law, nor did "Wally" countermand "Star's" for Plaintiff to leave immediately.

21. Plaintiff lives in Hilo not far from this store, has been a past patron and has definite plans to patronize that store in the future if and when Defendant ensures service animal law is correctly applied.

## CAUSES OF ACTION

22.   Plaintiff brings a cause of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(ii) based on the Defendant's denial of his full and equal enjoyment of its goods, services, and facilities because of his disability for which he is benefitted by the use of a service animal.  Specifically Defendant refused to make the reasonable modification to its apparent "no pets" policy by permitting the Plaintiff's service animal in the store.

23.   Plaintiff also brings a cause of action for violation of Hawaii Revised Statutes § 489-3 based on the Defendant's denying him full and equal enjoyment of its goods, services, and facilities because of his disability for which he is benefitted by use of a service animal. Specifically Defendant refused to permit his dog to be in its store although his dog is an animal trained to perform tasks ameliorating several of his disabling conditions.

## RELIEF SOUGHT

24.   Plaintiff seeks both legal and equitable relief.

25.   Pursuant to 42 U.S.C. § 12188(a)(1) the plaintiff seeks an injunction requiring the defendants to train their employees interacting with the public as part of their job duties on the correct protocol for service animals.

26.   Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) the plaintiff seeks an injunction requiring the defendants to train their employees interacting with the public as part of their job duties on the correct protocol for service animals.

27. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the plaintiff seeks damages three times the amount of damages to be shown at trial.

28. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all his reasonable attorney's fees and litigation costs.

29. Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) the plaintiff seeks all reasonable attorney's fees and costs of litigation.

30. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, December 28, 2021

/s/ LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff